# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1691V
UNPUBLISHED

| | |
|---|---|
| EMILY HIRST,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 2, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 30, 2019, Emily Hirst filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received a Tetanus Diphtheria acellular Pertussis (Tdap) vaccine in her left deltoid on June 11, 2017, and sustained a shoulder injury related to vaccine administration ("SIRVA") as defined in the Vaccine Injury Table. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 28, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 1, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $104,297.41, (consisting of $102,500.00 for pain and suffering and $1,797.41 for past unreimbursable

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

out-of-pocket expenses). Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>104,297.41</u> (consisting of $102,500.00 for pain and suffering and $1,797.41 for past unreimbursable out-of-pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMILY HIRST, ) | |
| ) | |
| Petitioner, ) | No. 19-1691V |
| ) | Chief Special Master |
| v. ) | Brian H. Corcoran |
| ) | SPU |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 30, 2019, Emily Hirst ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on May 28, 2021. (ECF No. 32) Based on Respondent's Rule 4(c) Report, that same day Chief Special Master Corcoran found petitioner entitled to compensation for her left shoulder SIRVA injury. (ECF No. 33)

**I.       Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $104,297.41. The award is comprised of $102,500.00 for pain and suffering, and $1,797.41 for past unreimbursable out-of-pocket medical expenses. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.      Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$104,297.41**, in the form of a check made payable to petitioner.

[1] Petitioner agrees.

    Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

 s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515
Althea.Davis@usdoj.gov

DATED:  September 1, 2021

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.